## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made as of October 8, 2015 by and between Gary F. Seitz, the Chapter 7 Bankruptcy Trustee (the "Trustee") of the Estate of RGB Services, LLC (the "Debtor") and Citibank N.A. ("Citibank"). Citibank and the Trustee are hereinafter collectively referred to as the "Parties".

## RECITALS

This Agreement is made with respect to the following facts:

A. Citibank issued a credit card account to Debtor bearing an account number ending in #8509 ("the Account").

B. The Debtor filed a Chapter 7 bankruptcy petition on or about July 1, 2013.

C. The Trustee commenced an adversary proceeding against Citibank to avoid and recover an aggregate of $24,405.31 in alleged preferential payments made by the Debtor to Citibank within the ninety-day period immediately preceding the filing of the Debtor's bankruptcy petition.

D. On June 17, 2015 the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered a Default Judgment against Citibank, N.A. and in favor of the Trustee in the amount of $24,405.31 including costs and post-judgment interest

E. The Parties hereto, in entering into this Agreement, and subject to Bankruptcy Court Approval of this Agreement, desire to fully and finally resolve all controversies, claims and matters of whatever nature existing between them and relating to the Account.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing facts, and the terms and conditions set forth herein, the Parties hereto agree as follows:

1. It is hereby stipulated that each of the facts set forth in the recitals above is incorporated herein by reference.

2. Within three (3) days after the Bankruptcy Court enters an order approving this Agreement, Citibank agrees to pay the total sum of Seventeen Thousand Dollars ($17,000.00) (The "Settlement Amount") to the Trustee in settlement of the Trustee's Default Judgment. The Settlement Amount shall be made payable to Gary F. Seitz, Trustee for the Estate of RGB Services, LLC.

3. Within thirty (30) days of receipt of the Settlement Amount, the Trustee shall file a satisfaction of judgment ("Satisfaction") with the Bankruptcy Court.

4. Effective upon the filing of the Satisfaction, for valuable consideration as set forth above, receipt of which is hereby acknowledged, the Trustee, its transferees, assigns, attorneys, agents, and servants, and each of them, hereby release and discharge any and all claims the Trustee has or may have against Citibank, Citibank, N.A., Citigroup Inc., and its respective current and former predecessors, successors, parents, Affiliates, subsidiaries, and all of the aforementioneds' respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, credit reporting agencies and vendors (the "Citibank Releasees"), including without limitation, all claims that were asserted or could have been asserted in the Bankruptcy Case or any other forum as of the date of the Agreement. For purpose of this paragraph, "Affiliates" shall include those

companies, existing or which come into existence in the future, who directly or indirectly own or are owned by, control or are controlled by, or are under common control with Citigroup, Inc.

5. The Trustee further agrees that it will not file any claims, complaints, affidavits, arbitrations, and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned Citibank Releasees. This Agreement is intended to resolve forever the entire disagreement between the Trustee and the Citibank Releasees.

6. Effective upon the filing of the Satisfaction, for valuable consideration as set forth above, receipt of which is hereby acknowledged, the Citibank, its transferees, assigns, attorneys, agents and servants, and each of them, hereby release and discharge any and all claims Citibank may have against the Trustee, and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, and all of the aforementioneds' respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, credit reporting agencies and vendors (the "Trustee Releasees"), including without limitation, all claims that were asserted or could have been asserted in the Bankruptcy Case or any other forum as of the date of this Agreement.

7. Citibank further agrees that it will not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreements against any of the aforementioned Trustee Releasees. This

Agreement is intended to resolve forever the entire disagreement between Citibank and the Trustee Releasees.

8. The Parties hereby acknowledge that they have been represented by independent legal counsel of their own choice, and/or have voluntarily declined legal counsel, throughout all the negotiations which preceded the execution of this Agreement and that they have executed this Agreement after receiving the advice of such independent legal counsel, and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other Parties except as expressly set forth in this Agreement.  The Parties further acknowledge that they or counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Counsel for each Party has read and approved the language of this Agreement.

9. The Parties and their attorneys agree to keep the terms of this Agreement confidential, and agree not to disclose the same to anyone, except to the extent required by the Bankruptcy Court for the Trustee to obtain approval for the settlement contained within the Agreement.

10. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

11. This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above.

12. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral. This Agreement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto.

13. The undersigned hereby certify that they have read this entire Agreement and fully understand it.

Date: 10/8/15

/s/ Holly E. Smith

Gary F. Seitz, Chapter 7 Trustee
By: Holly E. Smith, Esquire
Gellert Scali Busenkell & Brown, LLC
Counsel for the Chapter 7 Trustee

Date: 10/8/15

Citibank, N.A.
By: Christy G. Bennett
Vice President

5